STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-706

CURTIS WRECKER, LLC

VERSUS

TOWN OF VIDALIA

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 46116
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

**********

MARC T. AMY

JUDGE

**********

Court composed of Marc T. Amy, James T. Genovese, and Shannon J. Gremillion, Judges.

APPEAL DISMISSED.

Anna E. Dow
1434 N. Burnside Avenue, Suite 14
Gonzales, LA   70737
(225) 644-1865
COUNSEL FOR PLAINTIFF/APPELLANT:
     Curtis Wrecker, LLC

Connell Lee Archey
Kantrow, Spaht, Weaver, Blitzer, APLC
Post Office Box 2997
Baton Rouge, LA   70821-2997
(225) 383-4703
COUNSEL FOR DEFENDANT/APPELLEE:
     Town of Vidalia

**AMY, Judge.**

On July 3, 2012, this court issued a rule, *sua sponte*, for Appellant, Curtis Wrecker, LLC, to show cause, by brief only, why the instant appeal should not be dismissed pursuant to La.Code Civ.P. art. 1915(B)(1). Soon thereafter, on July 9, 2012, Appellee, the Town of Vidalia, filed a motion to dismiss the instant appeal on similar grounds. On July 20, 2012, this court received Appellant's response to the rule. For the reasons given herein, we hereby dismiss the appeal.

On January 27, 2011, Appellant filed suit against Appellee seeking damages allegedly resulting from the removal of Appellant from Appellee's rotation list in 2008. In response, Appellee filed an exception of prescription seeking to dismiss Appellant's claims as untimely. The exception was tried on February 23, 2012. On March 5, 2012, the trial court issued a judgment sustaining Appellee's exception in part. The March 5, 2012 judgment dismissed, with prejudice, all claims arising out of the removal of Appellant from Appellee's rotation list and all right of use claims occurring before January 27, 2010, but maintained any right of use claims arising after January 27, 2010.

Thereafter, on April 9, 2012, Appellant filed a document entitled, "Motion and Order for Appeal of Partial Final Judgment Under C.C.P. art. 1915," which was signed on April 16, 2012. The motion for appeal stated, in pertinent part:

> And on further showing that this court has designated and certified this judgment for the purpose of an immediate appeal, such certification and supporting reasons being attached to this motion of appeal; . . . .

Despite this language, the trial court did not provide any documentation certifying the March 5, 2012 judgment as final. Considering the foregoing, we now address whether the instant appeal is properly before this court.

Pursuant to La.Code Civ.P. art. 2083(A):

> A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

A granted, partial summary judgment is not immediately appealable unless "it is designated as a final judgment by the court after an express determination that there is no just reason for delay." La.Code Civ.P. art. 1915(B)(1). In the absence of such a determination and designation, "any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal." La.Code Civ. P. art. 1915(B)(2).

Here, Appellant wishes to appeal the March 5, 2012 judgment, which partially sustained Appellee's exception of prescription. Because the March 5, 2012 judgment adjudicates fewer than all of the claims asserted against Appellee, does not terminate the suit as to any party, and was not designated a final judgment by the trial court, we find that the March 5, 2012 judgment is not ripe for immediate appeal.

Based on the foregoing, we find that the instant appeal is not properly before this court. Accordingly, we hereby dismiss this appeal at Appellant's cost.

**APPEAL DISMISSED.**